No. 27,342.

The State of Kansas, ex rel. Floyd W. Hobbs, County Attorney of Jackson County, *Appellee*, v. School District No. 3 et al., *Appellants*.

SYLLABUS BY THE COURT.

1. Schools — *Teachers* — *Right of Voters at Meeting to Determine Number.* Under the statute empowering the voters at an annual school meeting to distribute the amount voted for school purposes as they shall deem proper in the payment of teachers' wages, they may effectively determine the number of teachers to be employed.

2. Same—*Excess Levy—Validity After Rejection of Excess.* Under the provision that in case of an excess in the amount of a levy of taxes certified to the county clerk he shall reduce it and extend on the tax roll only such part as will comply with the statute, a school-district tax voted by the district meeting which exceeds the legal limit is not an entire nullity, but is valid to the extent of what remains after the rejection of the excess by the clerk.

3. Same—*Number of Teachers—Expenditure in Excess of Tax Levy.* An order of the voters at an annual school-district meeting that three teachers shall be employed is not invalidated by the fact that this will involve an expenditure slightly in excess of the amount of the annual tax and the estimated revenue from other sources.

4. Same — *Order of Voters as to Number of Teachers — Conclusiveness as to Board.* Where the annual school-district meeting has voted that three teachers shall be employed, and mandamus is brought against the members of the district board to compel them to comply with that vote, in order to justify their refusal to do so the burden is on them to show either a legal obstacle, or that they had endeavored in good faith to carry out the direction, and had been prevented by matters beyond their control. And it is held that in the present case no such showing was made.

Appeal from Jackson district court; Martin A. Bender, judge. Opinion filed September 3, 1926. Division No. 1, consisting of Chief Justice Johnston and Justices Mason and Hopkins. Affirmed.

*E. D. Woodburn, Thomas A. Fairchild* and *H. R. Fulton,* all of Holton, for the appellants.

*E. R. Sloan,* of Holton, *A. E. Crane, B. F. Messick* and *Harry Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.: At the annual school meeting of district No. 3 of Jackson county it was voted that three teachers should be employed for the ensuing year. The treasurer was willing to act in accord-

Schools and School Districts, 35 Cyc. pp. 1009 n. 77, 1076 n. 64.

ance with this vote, but the other two members of the board favored employing only two. The state brought this proceeding in mandamus to require the employment of three teachers. The district court rendered final judgment for the plaintiff, from which this appeal is taken.

1. For some five or six years the district has maintained a three-room school with three teachers. At the annual school meeting held April 9, 1926, a motion was made and lost to vote a levy of $2,400 to run the school with two rooms. A motion was then made and carried to vote a levy of $3,000 "to run the school the same as last year." This was obviously intended to mean that three teachers should be employed, and the record sufficiently shows an order of the annual meeting to that effect. The statute provides that the electors at a school meeting have power "to vote a sum annually not exceeding the limit fixed by law, as the meeting shall deem sufficient, for the various school purposes and for the payment of any floating indebtedness of the district, and distribute the amount as the meeting shall deem proper in the payment of teachers' wages." (R. S. 72-406.) We hold that by virtue of this language the meeting had authority to determine the number of teachers to be employed, and its action was binding upon the board unless obedience thereto has been prevented through no fault on its part.

2. The two members of the board who are contesting the matter take the position that no sufficient funds have been provided for meeting the expense of employing more than two teachers, and that this relieves them from the obligation of employing a third.

The annual school district tax is limited to six and three-fourths mills on the dollar. (R. S. 79-1934.) The valuation of the taxable property of the district is $380,726. The maximum tax would produce $2,569. The levy of $3,000 was therefore excessive. It was not, however, wholly void, for the statute contains this provision:

"Any levy which may be certified to the county clerk in excess of the limitations placed by this act shall be unlawful, and in any such case it shall be unlawful for the county clerk of any county within the state to enter upon the tax roll of the county any such excessive levy; and in case of any such excess in any levy it is hereby made the duty of the county clerk and he is hereby required to reduce such levy and to extend upon the tax roll only such a part thereof as will comply with the provisions of this act." (R. S. 79-1938.)

By reason of this statute it was unnecessary to make a new levy. The county clerk was authorized and required to reduce the existing levy by the amount of the excess—a mere matter of computation.

3. This reduction left the district $431 short of the $3,000 appropriated. It had, however, other resources on which to rely, including a little over $100 from the state, $60.41 from taxes on intangibles and $31 from a dog tax. Last year it received $67.50 from tuition. There are, of course, other expenses to be met than the salaries of teachers. The board prepared a budget showing an estimate of $3,312 on a basis of having three teachers and of $2,450 if only two. An effort to keep the expenses of the district within the income of that year is commendable, and the incurring of expenses beyond the revenue is not to be encouraged. The statute, however, does not absolutely prohibit all such excess. Warrants may be issued for which no funds are immediately available.

"The fact that at the time a school warrant is issued there are no funds in the hands of the treasurer with which to pay it does not render the amount illegal or void. When the warrant is presented for payment, it becomes the duty of the treasurer to indorse it 'Not paid for want of funds,' and it then becomes a floating debt of the district." (*Bank v. School District,* 102 Kan. 98, syl. ¶ 2, 169 Pac. 202.)

Specific provision is made for the annual school meeting voting a tax to pay any floating indebtedness. (R. S. 72-406.)

The statute authorizes a tax in excess of six and three-fourths mills, to be ordered by a three-fourths vote at a special school district meeting, upon a call issued by the board stating the amount of the proposed increase. (R. S. 79-1937.) The board called such a meeting to vote on a proposition to increase the tax to nine mills. The proposition was lost, although 82 votes out of 129 were cast for it. The attempt to obtain an increase would seem to have been hampered by the board naming too large an amount.

4. The vote at the annual school district meeting made it the duty of the board to employ three teachers if this could be done. To justify a noncompliance with the will of the voters expressed in the manner provided by statute (in the absence of a legal obstacle) the burden was on the resisting defendants to show that with the means available they had in good faith endeavored to comply with the direction given them, and were prevented by matters beyond their control. This they failed to do. The case was heard upon oral evidence and the trial court had a better opportunity than we to determine the real attitude of the majority of the board. Upon the case as presented there was room for the inference that the director and clerk, granting they acted as they believed for the best interest of the district and the patrons of the school, conceived that

they were authorized to follow their own judgment as to the wisdom of employing three teachers. In their brief it is said:

"No effort has been made by the plaintiff in this action to show any necessity for three teachers in this school or that the patrons of this school would be in any way deprived of school privileges or the pupils thereof suffer by reason of the employment of only two teachers."

No such issues were involved in this proceeding. The question whether the practice of maintaining three rooms, with three teachers, should be continued, was one of policy which had been finally determined by the voters of the district, and was not subject to review by the board or the court.

For the reasons stated we see no legal obstacle to the employment of three teachers, and the trial court must be deemed to have found upon sufficient evidence that there is no practical obstacle. The judgment is therefore affirmed.

JOHNSTON, C. J., and HOPKINS, J., concurring.